UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PABLO ALVAREZ,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ARVIZA, WARDEN,<br><br>　　　　Respondent. | No.  1:23-cv-00524-HBK (HC)<br><br>ORDER DIRECTING RESPONDENT TO SUBMIT SUPPLEMENTAL BRIEFING<br><br>FOURTEEN-DAY DEADLINE |

Petitioner Juan Pablo Alvarez ("Petitioner"), a federal prisoner, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 on April 5, 2023, while he was incarcerated at the Federal Correctional Institution (FCI) Mendota, located in Fresno County, California, which is within the venue and jurisdiction of this Court.  (Doc. No. 1, "Petition").  The Petition asserts a single claim:  the Bureau of Prisons ("BOP") unlawfully excludes Petitioner from applying earned time credits (FTCs) because of his immigration status, in contravention of the First Step Act.  (Doc. No. 1 at 6); *see* 18 U.S.C. § 3632(d)(4)(A), (C) (providing that time credits earned from completion of evidence-based recidivism reduction programming productive activities shall be applied toward time in prerelease custody or supervised release).  On July 3, 2023, Respondent filed a Motion to Dismiss the Petition for several reasons, including lack of jurisdiction, failure to state a claim, and failure to exhaust his administrative remedies.  (Doc. No. 8).  On August 10, 2023, Petitioner filed a response to the

1

Motion to Dismiss requesting that the Court direct Respondent to provide a final order of removal as opposed to an immigration detainer, or in the alternative, to order the BOP to calculate his FSA credits and release him.  (Doc. No. 9 at 1-2).

Federal courts have an independent duty to consider its own subject-matter jurisdiction. Fed. Rule of Civ. P. 12(h)(3); *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies.  *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed,") (internal quotation marks omitted).  To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding.  *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted).  In the context of a habeas petition, the "case or controversy requirement requires a finding of mootness if (1) the petitioner has received the relief requested in the petition; or (2) the court is unable to provide the petition with the relief sought."  *Aniyeloye v. Birkholz,* 2023 WL 4868545, at *1 (C.D. Cal. July 31, 2023) (citing *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997)); *see also Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018) (case is moot when it is "impossible for a court to grant any effectual relief" on petitioner's claim).

Petitioner challenges the BOP's calculation of earned time credits pursuant to the FSA.  (Doc. No. 1).  The Court's *sua sponte* search of the BOP inmate locator database indicates that Petitioner was released from custody on November 3, 2023.[1]  Because it appears that Petitioner

---

[1] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc (last visited November 20, 2023).  The Court may take judicial notice of information on official government websites.  *McClure v. Ives*, 2010 WL 716193, at *3 (E.D. Cal. Feb. 26, 2010); *see also United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice that Bureau of Prisons' inmate locator available to the public); *see also Pacheco v. Diaz*, Case No. 1:19-cv-00774-SAB (PC), 2019 WL 5073594, at *2 (E.D. Cal. Sept. 4, 2019) (taking judicial notice of CDCR's Inmate Locator system).

has been released from custody, the Court must first determine whether this action is moot before considering its merits.

Accordingly, it is **ORDERED**:

Within **fourteen (14) days** from the date of this Order, Respondent shall submit supplemental briefing to address whether this action is moot because of Petitioner's release from custody as reflected on the BOP inmate locator database.

Dated:   November 20, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE