UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PABLO ALVAREZ,<br><br>            Petitioner,<br><br>    v.<br><br>ARVIZA, WARDEN,<br><br>            Respondent. | No.  1:23-cv-00524-HBK (HC)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS[1]<br><br>(Doc. No. 8) |

      Petitioner Juan Pablo Alvarez ("Petitioner"), a former federal inmate, initiated this action on April 5, 2023, by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 while he was incarcerated at Federal Correctional Institution ("FCI") Mendota, located in Fresno County, California, which is within the venue and jurisdiction of this Court. (Doc. No. 1, "Petition").  The Petition asserts a single claim:  the Bureau of Prisons ("BOP") unlawfully excludes Petitioner from applying earned time credits (FTCs) because of his immigration status, in contravention of the First Step Act. (Doc. No. 1 at 6); *see* 18 U.S.C. § 3632(d)(4)(A), (C) (providing that time credits earned from completion of evidence-based recidivism reduction programming productive activities shall be applied toward time in prerelease custody or supervised release).

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1). (Doc. No. 12).

1

In response, Respondent filed a Motion to Dismiss with Appendix on July 3, 2023, arguing the Petition should be dismissed for the following reasons: lack of jurisdiction, failure to state a claim, and failure to exhaust administrative remedies. (Doc. Nos. 8, 8-1). On August 10, 2023, Petitioner filed a response to the Motion to Dismiss requesting that the Court direct Respondent to provide a final order of removal as opposed to an immigration detainer, or in the alternative, order the BOP to calculate his FSA credits and release him. (Doc. No. 9). On November 21, 2023, the Court ordered Respondent to submit supplemental briefing addressing whether the action is moot as it appeared Petitioner was released from custody on November 3, 2023. (Doc. No. 13). On December 1, 2023, Respondent filed a supplement to the Motion to Dismiss, confirming that Petitioner had been released from custody on November 3, 2023. (Doc. Nos. 14, 14-1). Therefore, Respondent now seeks dismissal of the Petition as moot. (Doc. No. 14 at 2).

## I. BACKGROUND

### A. Procedural History

In 2011, Petitioner pled guilty in the Southern District of Texas (SDTX) to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A); and he was sentenced to serve 121 months of federal incarceration, which was later reduced to 120 months in BOP custody. *See United States v. Alvarez*, 7:11-cr-01525-1, Crim. Doc. Nos. 11, 18, 33, 35 (S.D. Tx.)[2]; (Doc. No. 8-1). At the time Petitioner filed the Petition, he was incarcerated in FCI Mendota. Petitioner was released from incarceration on November 3, 2023—after he filed the instant Petition demanding the recalculation of his earned time credit under the First Step Act. (Doc. No. 14 at 1; Doc. No. 14-1).

### B. The First Step Act

The First Step Act ("FSA"), enacted December 21, 2018, provided for considerable changes to the federal criminal code, including several prison and sentencing reforms. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). One such reform under the First Time

---

[2] The undersigned cites to the record in Petitioner's underlying SDTX criminal cases as "Crim. Doc. No. _."

Act entailed the implementation of Federal Time Credits ("FTCs").  18 U.S.C. § 3632(d)(4)(A).  Essentially, an inmate "who successfully completed evidence-based recidivism reduction programming or productive activities" "shall earn 10 days of time credits for every 30 days of successful participation."  *Id*.  These FTCs earned by eligible inmates are "applied toward time in prerelease custody or supervised release."  § 3632(d)(4)(C).

Additionally, the FSA authorized the BOP to use a risk and needs assessment system, "PATTERN," and designate a prisoner with a minimum, low, medium, or high-risk score.  *United States v. DeCaro,* No. 2022 WL 4395905, at *1 n.1 (E.D. Mo. Aug. 23, 2022).  Inmates who receive a minimum or low-risk score over two consecutive assessments earn an additional five days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming (EBRR programming) or productive activities (PAs).  18 U.S.C. § 3632(d)(4)(A)(ii); *Orihuela v. Engleman*, 2022 WL 18106676, at *1 (C.D. Ca. Nov. 3, 2022) ("A prisoner's PATTERN score may affect the rate at which he earns FTC for his participation in EBRRs and Pas.").

Inmates may begin earning FTCs once their term begins, but an inmate cannot earn FTCs for programming or activities in which he or she participated in prior to the enactment of the FSA on December 21, 2018.  28 C.F.R. § 523.42.  An inmate can earn retroactive application of FTCs for EBRR programming or PAs in which he or she participated in from December 21, 2018, to January 13, 2022.  *Id*.

## II.  APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases 4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent."  A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).  Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d

1   687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

2   Under Article III, Section II of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed,") (internal quotation marks omitted). Federal courts consider various doctrines, including "standing," "ripeness," and "mootness" to ascertain whether a meets the "case and controversy" requirement. *See Poe v. Ullman*, 367 U.S. 497, 502-505 (1961). To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (internal citation omitted). A case must be dismissed if it becomes moot at any stage. *See City of Mesquite v. Aladdin's Castle*, 455 U.S. 283, 288 (1982). Absent collateral consequences, a "habeas petition does not continue to present a live controversy once the petitioner is released from custody." *Abdala*, 488 F.3d at 1064; *see also Kelley v. Brewer*, 2023 WL 2992823, at *3 (E.D. Cal. Apr. 18, 2023) ("there is nothing capable of being redressed by a favorable judicial decision because the BOP has already calculated his FSA credits and released [the petitioner]. In other words, petitioner's case is moot absent demonstrable collateral consequences arising from BOP's calculation of his FSA credits."); *Fower v. Birkholz*, 2023 WL 3828775, at *1 (C.D. Cal. May 4, 2023) ("Petition is moot because Petitioner obtained the relief he sought in the Petition – release from BOP custody after the application of his FSA credits.").

Because Petitioner is no longer in BOP custody and there are no collateral consequences the Court cannot grant any relief on Petitioner's claim. *Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018); *Fender v. U.S. Bureau of Prisons*, 846 F.2d 550, 555 (9th Cir. 1988). Thus, the Petition is moot, which leaves this Court without jurisdiction to consider any claims raised in the Petition.

////

Accordingly, it is **ORDERED**:

1. Respondent's Motion to Dismiss (Doc. No. 8) is GRANTED.

2. The Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED as moot.

3. The Clerk of Court is directed to terminate any pending motions and close this case.

Dated:     December 5, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE